470 June 25, 2025 No. 574

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE GUADALUPE ALATORRE,
*Defendant-Appellant.*

Linn County Circuit Court
21CR55912; A182131

Brendan J. Kane, Judge.

Submitted May 20, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for unlawful possession of a marijuana item, ORS 475B.337(3)(c). In two assignments of error, defendant challenges the denial of his motion to suppress evidence. We affirm.

We briefly recite the background facts here and supplement them in each assignment of error. Defendant was driving a U-Haul truck that police stopped for speeding. The truck contained marijuana. The state charged defendant and codefendant—the passenger—with several crimes, and the cases were consolidated. As relevant here, defendant joined codefendant's motion to suppress evidence from the U-Haul and statements that he had made to police. The trial court denied the motion, determining that defendant and codefendant had consented to the search and that police had reasonable suspicion of criminal activity. After the trial court denied defendant's renewed motion to suppress evidence, he entered a conditional no contest plea that reserved his right to appeal the denial. This appeal followed.

On appeal, defendant argues that the trial court erred when it denied his motion. "We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support them." *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017). If the trial court "did not make express findings and there is evidence from which the trial court could have found a fact in more than one way, we will presume that the trial court decided the facts consistently with the trial court's ultimate conclusion." *Id.* at 166.

*Consent to search.* In his first assignment of error, defendant argues that the trial court erred when it denied his motion because the state did not establish that defendant or codefendant had consented to the search. According to defendant, because "[t]he key language apparently was given to the defendants in Spanish, as presented by the translation application," "we cannot know that whatever it is they expressed to give their consent was done voluntarily." We reject defendant's argument.

Under Article I, section 9, of the Oregon Constitution, "the state has the burden to prove by a preponderance of the evidence that someone having the authority to do so voluntarily gave the police consent to search the defendant's person or property." *State v. Jordan*, 308 Or App 547, 552, 481 P3d 1017 (2021) (internal quotation marks omitted).

> "In reviewing the voluntariness of defendant's consent, we are bound by the trial court's findings of historical fact if there is evidence in the record to support them. Ultimately, the determination about whether a consent to search is voluntary is a legal issue that we review independently, based on the trial court's findings that are supported by the evidence."

*Id.* (internal quotation marks and citations omitted).

At the suppression hearing, the trooper who stopped the U-Haul, King, testified that he could tell when "there's a little bit of an English language barrier" but that he "was confident that *** they understood enough of *** the initial basic questions." When King was called away, Trooper Nelson and Deputy Newman continued the investigation. Newman testified that he used a translator application on his cell phone to provide the *Miranda* warnings to defendant and codefendant and that they indicated that they understood. Newman further testified that, after giving that warning, he asked if he could look in the back of the U-Haul and that defendant and codefendant consented.

In determining that defendant and codefendant consented to the search, the trial court found that King "was somehow able to communicate on a nominal level without speaking any Spanish" and that the two men understood King's questions.

> "[THE COURT]: [King] is somehow able to procure identification, driver's license, U-Haul rental agreement, and finds out from the defendants that they're transporting sofas to grandfather. Pretty amazing despite the fact that he didn't have an iTranslate or the services of a court certified interpreter with a BA in Spanish, or any other such accouterments at his disposal."

The court also admitted into evidence Nelson's body camera video that showed that Newman requested consent to

search the U-Haul orally, in English, and without use of the translation application.

> "[NEWMAN]:   I can cut the lock?
>
> "[UNIDENTIFIED MALE]:   Yeah.
>
> "[NEWMAN]:   You'll let me break it?
>
> "[UNIDENTIFIED MALE]:   Si."

As a consequence, we conclude that the evidence in the record was legally sufficient to establish that defendant and codefendant voluntarily consented to the search. The trial court did not err.

*Reasonable suspicion.* In his second assignment of error, defendant argues that the trial court erred in denying his motion because police unlawfully extended the traffic stop without reasonable suspicion of another crime.

"Officers investigating a traffic infraction cannot engage in 'investigative activities, including investigative inquiries' that are unrelated to that infraction, unless those activities have an 'independent constitutional justification,' *such as reasonable suspicion of another crime.'" State v. Wicks*, 332 Or App 67, 69, 549 P3d 49 (2024) (quoting *State v. Arreola-Bottello*, 365 Or 695, 712, 451 P3d 939 (2019) (emphasis added)).

> "Reasonable suspicion exists when an officer can point to specific and articulable facts that give rise to a reasonable inference that the defendant committed or was about to commit a specific crime or type of crime. That inference must be objectively reasonable in light of the totality of circumstances known to the officer."

*Wicks*, 332 Or App at 69-70 (internal quotation marks and citation omitted).[1]

We conclude that the trial court did not err when it determined that reasonable suspicion of unlawful possession of marijuana justified the investigation. Here, the trial court relied on several specific and articulable facts that are

---

[1] "Reasonable suspicion has a subjective and an objective component[.]" *State v. Moore*, 264 Or App 86, 89, 331 P3d 1027 (2014). Because we do not understand defendant to challenge the law enforcement officers' subjective belief that criminal activity was occurring, we consider only the objective component.

supported by the record: Newman smelled the odor of marijuana emanating from the U-Haul as he drove behind it on the freeway, all three law enforcement officers smelled the strong odor of marijuana as they approached the U-Haul on foot, and, based on the their training and experience, they believed that the quantity of marijuana was "significantly different than *** lawfully permissible quantities of marijuana for an individual." In addition to considering the testimony about the marijuana odor, the court found that: (1) defendant and codefendant represented that "they're transporting sofas to grandfather," (2) it was "going to be hard to give grandpa his sofas back when nobody has a key to the U-Haul," (3) the person "who rented the U-Haul wasn't even in the vehicle," and (4) the rental was one-way. The foregoing facts are supported by the record and—when considered in light of the totality of the circumstances known to the officers—create an objectively reasonable inference of unlawful possession of marijuana. *See id.*

Finally, we are unpersuaded by defendant's argument that, under *State v. Moore*, 311 Or App 13, 488 P3d 816 (2021), the law enforcement officers lacked reasonable suspicion because the "case comes down to one thing: smell." In *Moore*, the trooper stopped the defendant's car for speeding and smelled unburnt marijuana as he approached the passenger side of the car. *Id.* at 15. We concluded that the trooper unlawfully extended a traffic stop because the

> "testimony relating to the 'very strong' odor of 'more than just a very small amount' of 'unburnt' marijuana—in the absence of any additional indicia that the quantity of marijuana that might have been present was unlawful—is insufficient to support an objectively reasonable suspicion that defendant possessed an unlawful amount of marijuana."

*Id.* at 22-23. This case is distinguishable from *Moore* because, as explained above, the trial court did not rely solely on the officers' testimony that they smelled the strong odor of marijuana as they approached the U-Haul on foot. It also relied on Newman's testimony that he smelled the odor of marijuana emanating from the U-Haul as he drove behind it on the freeway, testimony that the quantity of marijuana was unlawful, and other specific facts about the rental to

determine that the officers had reasonable suspicion. The trial court did not err.

Affirmed.